**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4205

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRELL LAMONT BOSTICK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:05-cr-00200-WLO)

Submitted: May 21, 2007          Decided: August 10, 2007

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ross Hall Richardson, LAW OFFICES OF ROSS HALL RICHARDSON, Charlotte, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Darrell Lamont Bostick of possession of a firearm after previously being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2000). Bostick appeals. His counsel has filed a brief challenging the sufficiency of the evidence to convict and the reasonableness of his sentence. Bostick has filed a motion to submit a pro se supplemental brief. We grant Bostick's motion, and we affirm the judgment of the district court.

In reviewing a claim of insufficient evidence, we consider whether there is substantial evidence, viewed in the light most favorable to the government, to support the verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). We do not review the credibility of witnesses, and we assume the jury resolved all evidentiary contradictions in favor of the government. United States v. Sun, 278 F.3d 302, 313 (4th Cir.2002). Our review of the trial transcript convinces us that there was sufficient evidence to support the conviction.

Finally, Bostick argues that his sentence was unreasonable because the district court did not provide an explanation of its reasons for selecting the sentence and because it did not address his sentencing arguments. After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines, but

- 2 -

still must calculate and consider the guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). United States v. Hughes, 401 F.3d 540, 546 (4th Cir.2005). We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id.

A sentence within a properly calculated advisory guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the factors under 18 U.S.C. § 3553(a) (2000). United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), petition for cert. filed, ___ U.S.L.W. ___ (July 21, 2006) (No. 06-5439). Procedurally, a district court must: (1) properly calculate the sentencing range; (2) determine whether a sentence within the range adequately serves the § 3553(a) factors; (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting the sentence, especially a sentence outside the range. Green, 436 F.3d at 455-56.

While a district court must consider the various § 3553(a) factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). This is particularly the case when the court imposes a sentence within the

applicable guideline range.  Id.  In determining whether there has been an adequate explanation, we do not "evaluate a court's sentencing statements in a vacuum"; rather, the context surrounding a court's explanation "may imbue it with enough content for [the Court] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly."  Montes-Pineda, 445 F.3d at 381.  However, "a district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant; and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing."  Montes-Pineda, 445 F.3d at 380 (citations omitted).  We find the record reflects that the district court here adequately and properly considered all of the sentencing factors and considered all the arguments raised by the parties.  We therefore find Bostick's sentence was reasonable.

Finally, we have reviewed Bostick's pro se supplemental brief and find the claims therein without merit.

Accordingly, we grant Bostick's motion to file a pro se supplemental brief, and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED